**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-02332-REB-GPG

CRYSTAL L. TRENTON and
JOSEPH A. TRENTON,

    Plaintiffs,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY;
PROGRESSIVE CORPORATION;
PROGRESSIVE CASUALTY INSURANCE COMPANY(a.k.a. PROGRESSIVE); and
GLENN RENWICK (CEO OF PROGRESSIVE),

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the **Motion To Dismiss for Failure To Comply With Show Cause Order Pursuant To D.Colo.LCivR 41.1 and Fed. R. Civ. P. 41(b)** [#31][1] filed June 2, 2016; and (2) the related **Recommendation Regarding Motion To Dismiss for Failure To Comply With Show Cause Order Pursuant To D.Colo.LCivR 41.1 and Fed. R. Civ. P. 41(b)** [#37] filed August 21, 2016.

I approve and adopt the recommendation and grant the motion to dismiss.

    No objections to the recommendation were filed.  Therefore, I review it only for plain error.  *See **Morales-Fernandez v. Immigration & Naturalization Service***, 418

---

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

F.3d 1116, 1122 (10th Cir. 2005).[2]  Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that recommendation should be approved and adopted and the motion to dismiss should be granted.

The magistrate judge recommends that this lawsuit be dismissed as a sanction for the failure of the plaintiffs to comply with the duly issued orders of the court and plaintiffs failure to prosecute this action.  The magistrate judge thoroughly considered all the relevant factors which must be considered under **Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992).  Although dismissal with prejudice is an extreme sanction, the circumstances chronicled in the recommendation of the magistrate judge indisputably demonstrate a "clear record of delay [and] contumacious conduct" warranting the imposition of such a penalty.  **Meade v. Grubbs**, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation Regarding Motion To Dismiss for Failure To Comply With Show Cause Order Pursuant To D.Colo.LCivR 41.1 and Fed. R. Civ. P. 41(b)** [#37] is approved and adopted as an order of this court;

2. That the **Motion To Dismiss for Failure To Comply With Show Cause Order Pursuant To D.Colo.LCivR 41.1 and Fed. R. Civ. P. 41(b)** [#31] is granted;

3. That under Fed. R. Civ. P. 41(b), this case is dismissed with prejudice;

---

[2] This standard pertains even though plaintiffs are proceeding *pro se* in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.  In addition, because plaintiffs are proceeding *pro se*, I have construed their pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

    4. That judgment shall enter in favor of the defendants and against the plaintiffs on all claims asserted in the **First Amended Complaint** [#4];

    5. That defendants are awarded their costs, to be taxed by the clerk of the court in the time manner required by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    6. That this case is closed.

Dated February 23, 2017, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge